different sizes and weights and noting that "these studies were properly admitted as a basis for expert opinion"); *Albers v. Hemphill Contracting Co., Inc.*, 740 S.W.2d 660, 663 (Mo.App.1987) ("It is, after all, proper to allow into evidence hearsay that is otherwise trustworthy and necessary for the purpose of providing the foundation for an expert opinion.") The studies could, therefore, be used on remand in a proper, admissible, non-impeaching manner.

One final observation is in order. Due to the limited research in this area, the gap between the abstract medical theory that it is "possible" for a heart attack to be caused by extreme physical exertion and the concrete legal finding that a given heart attack was "probably" triggered by the claimant's physical activities is generally bridged by the acceptance of expert medical opinions formed without the benefit of reasonably complete clinical data. This has prompted some courts to question the fairness of the present system of determining causation in such cases. See, e.g., *Clayton v. State Compensation Dep't*, 253 Or. 397, 454 P.2d 628, 632 (1969) ("Because medical opinion on the effect of [physical] exertion and stress in heart attack cases rests upon such limited scientific knowledge there is reason to question the fairness of our present system of determining the issue of medical causation in these cases.") This dearth of scientific knowledge makes it even more critical that the Commission be permitted to consider the new medical research published while Wilson's case was on appeal. As the Supreme Court of New Jersey recently observed in affirming an award of workers' compensation benefits to a claimant who suffered a heart attack shortly after performing physically strenuous activities at work:

> When the possibility of causal connection is accepted, we cannot deny relief ... simply because science is unable decisively to dissipate the blur between possibility and probability. In such circumstances judges must do the best they can, with the hope that their decisions square with the truth, and *with a willingness to consider in succeeding cases whatever contribution scientific advances may offer.*

*Hellwig v. J.F. Rast & Co., Inc.*, 110 N.J. 37, 538 A.2d 1243, 1249 (1988) (citation and quotation omitted, emphasis added).

The newly discovered evidence presented by Wilson is, by all indications, pioneering, controlled, highly probative medical research shedding new light on a thorny issue which has plagued workers' compensation claimants, doctors, lawyers and courts in this state for years. I believe this court should be willing, in the interest of justice, to allow the Commission to consider whatever contribution this research offers in the proper resolution of Wilson's case. I cannot, therefore, join the majority in turning a deaf ear to Wilson's prayer for relief in the form of a remand to the Commission.

I dissent.

**Billy Edward GOOCH, Appellant,**

v.

**Michael Ferson GOOCH, Respondent.**

No. WD 48930.

Missouri Court of Appeals, Western District.

Dec. 6, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 1995.

Application to Transfer Denied March 21, 1995.

John Michael Cronan, Kansas City, for appellant.

Larry E. Butcher, Kearney, for respondent.

Before SPINDEN, P.J., and LOWENSTEIN and ELLIS, JJ.

## ORDER

PER CURIAM.

Billy Edward Gooch contests the order of the trial court entered in favor of Michael Ferson Gooch. We affirm the judgment of the trial court. Rule 84.16(b).

## WEATHERBY LAKE IMPROVEMENT CO., Respondent,

v.

## John FUHRMAN, et al., Defendant,

## Robert D. Crist, M.D., P.A., Appellant.

### No. WD 48357.

Missouri Court of Appeals,
Western District.

Dec. 6, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 1995.

Application to Transfer Denied
March 21, 1995.

David B. Raymond, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, for appellant.

Michael McGinness, Platte City, for respondent.

Before ULRICH, P.J., and LOWENSTEIN and HANNA, JJ.

ULRICH, Presiding Judge.

Weatherby Lake Improvement Company ("Company") filed its petition for declaratory judgment seeking authorization to levy an assessment to compel Weatherby Lake property owners to pay for capital improvements and maintenance of the lakefront community's common property. The trial court approved the assessment; and Robert D. Crist, M.D., P.A., a Weatherby Lake property owner, appeals claiming insufficient evidence was presented to support the trial court's decision.

The judgment of the trial court is affirmed.

The Company was incorporated in 1950 by property owners surrounding Weatherby Lake, located in Platte County, apparently to provide a mechanism to maintain and control